HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN, SBN 236388
rzerounian@hansonbridgett.com
GARNER K. WENG, SBN 191462
gweng@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:     (415) 777-3200

JUSTIN P. THIELE, SBN 311787
Jthiele@hansonbridgett.com
777 S Figueroa Street, Suite 4200
Los Angeles, California 90017
Telephone:     (213) 395-7632

*Attorneys for Plaintiff Jack Daniel's Properties, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK DANIEL'S PROPERTIES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DISTILLED PRODUCTS CO., a Minnesota corporation,<br><br>Defendant. | Case No. 3:22-cv-3262<br><br>**COMPLAINT FOR FEDERAL TRADEMARK AND TRADE DRESS INFRINGEMENT, FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN, FEDERAL TRADEMARK AND TRADE DRESS DILUTION, CALIFORNIA TRADEMARK AND TRADE DRESS DILUTION, COMMON LAW TRADEMARK AND TRADE DRESS INFRINGEMENT, AND UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jack Daniel's Properties, Inc. ("JDPI" or "Plaintiff"), for its complaint against United States Distilled Products Co. ("USDP" or "Defendant") alleges, upon personal knowledge with respect to itself and its acts and upon information and belief as to all others, as follows.

**Nature of Action**

1. This action arises from Defendant USDP's deliberate efforts to trade off of the goodwill embodied in Plaintiff JDPI's famous trademarks and trade dress for the iconic Jack Daniel's Tennessee Whiskey product. The trademarks and trade dress for Jack Daniel's Tennessee Whiskey—including its JACK DANIEL'S trademarks and the distinctive configuration of its bottles and labels—have been used for over a century and a half in connection with Tennessee sour mash whiskey and have become a part of American culture. For a number of years, USDP, a competing whiskey producer, has produced a Tennessee sour mash whiskey that is aged for nine years under the brand name KING'S CREEK. Recently, however, USDP launched a Tennessee whiskey that is aged for only four years under the KING'S CREEK brand. Rather than compete fairly with JDPI, USDP replaced the label it had used for years with one that copied the well-known and recognizable label for Jack Daniel's Tennessee Whiskey. The inevitable result is that consumers are likely to be confused when encountering Defendant's King's Creek whiskey in the marketplace—and the only conclusion is that USDP deliberately mimicked the most famous Tennessee whiskey brand in the United States in order to gain the competitive advantage that this likely consumer confusion creates. USDP's conduct is causing the distinctive power—earned through decades of use, sale, marketing, and recognition—of JDPI's trademarks and trade dress to be unfairly diluted. The Lanham Act and California law forbid this. JDPI is therefore compelled to bring this action for trademark and trade dress infringement and dilution under federal and state law to protect the invaluable goodwill and consumer recognition embodied in its trademarks and trade dress.

**Parties**

2. Plaintiff JDPI is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in San Rafael, California.

3. Defendant USDP is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in Princeton, Minnesota.

**Jurisdiction and Venue**

4. This is an action for infringement of federally-registered trademarks and federally-registered trade dress, in violation of 15 U.S.C. § 1114(1); for trade dress infringement in violation of 15 U.S.C. § 1125(a)(1); for dilution of trademarks in violation of 15 U.S.C. § 1125(c); for dilution of trade dress in violation of 15 U.S.C. § 1125(c); for trademark infringement under California law; for trade dress infringement under California law; for trademark dilution under California law; for trade dress dilution under California law; and for unfair competition under California law. The Court has jurisdiction over the subject matter of Plaintiff's claims for relief arising under the United States Trademark Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has original or supplemental jurisdiction over the subject matter of Plaintiff's claims for relief under state law pursuant to 28 U.S.C. §§ 1338(b) and 1367. Additionally, the Court has subject-matter jurisdiction over Plaintiff's claims for the additional reason that this is an action between citizens of different states in which the value of the amount in controversy exceeds $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332.

5. The Court has personal jurisdiction over USDP because it does business in California by, among other things, selling products, including the infringing products at issue in this action. On information and belief, USDP caused the unlawful products to be sold to distributors in California and elsewhere for resale by retailers in California, including within this district.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (b)(2) because USDP is considered to reside in this district and because a substantial part of the events or omissions giving rise to JDPI's claims occurred in this district.

**Divisional Assignment**

7. This action will be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c) and General Order 44.

**Allegations Common to All Claims for Relief**

*The Jack Daniel's Trademarks and Trade Dress*

8. JDPI owns and licenses the use of the trademarks and trade dress used in connection with Jack Daniel's Tennessee Whiskey and other Jack Daniel's products. Tennessee whiskey has been sold in the United States under the JACK DANIEL'S mark continuously since 1875, except during Prohibition, making Jack Daniel's Tennessee Whiskey one of the oldest, longest-selling, and most iconic consumer products in American history.

9. Since long prior to the commencement of Defendant's acts of infringement, dilution, and unfair competition complained of herein, and continuously to the present, Jack Daniel's Tennessee Whiskey has been sold in packaging and labeling embodying an iconic trade dress consisting of, among other things, a label with a white-on-black color scheme bearing the JACK DANIEL'S mark depicted in arched lettering at the top of the label; the words "Tennessee Sour Mash Whiskey" in the lower portion of the label, with the word "Tennessee" depicted in script and the words "Sour Mash" surrounded by filigree designs; a central, circular element containing the words "Old No. 7" surrounded by filigree designs; and a distinctive combination of serif, sans-serif, and scripted text (collectively the "Jack Daniel's Trade Dress"). Although minor changes have been made in the Jack Daniel's Trade Dress over the years, it has conveyed a consistent commercial impression for many decades. The Jack Daniel's Trade Dress as used on bottles of whiskey is depicted below:

10. JDPI owns numerous federal registrations for certain elements of the Jack Daniel's Trade Dress for distilled spirits, including whiskey, as well as its trademarks JACK DANIEL'S and other JACK-formatives. These include, but are not limited to, the following United States trademark registrations:

| U.S. Reg. No. 582789 | U.S. Reg. No. 2789278 |
|---|---|
|  |  |

U.S. Reg. No. 4106179         U.S. Reg. No. 6583542

 

Copies of the certificates of registration of these marks are attached hereto as **Exhibit 1.**[1] These registrations are valid and subsisting, and Registration Nos. 582789, 2789278, and 4106179 are incontestable. JDPI also owns trademarks for Jack Daniel's Tennessee Fire and Jack Daniel's Tennessee Honey products, which are also protected by federal trademark registrations. These include U.S. Reg. Nos. 4168845, 4511173, and 4740015, which are incontestable; and Reg. Nos. 5680795, 6228202, 6355913, 6380050, and 6380051. Copies of the valid and subsisting certificates of registration of these latter marks are attached hereto as **Exhibit 2.** (Collectively, all of the foregoing the "JDPI Trademarks.")

11. JDPI's predecessors-in-interest and licensees have expended many hundreds of millions of dollars over many decades advertising and promoting Tennessee whiskey under the JDPI Trademarks and the Jack Daniel's Trade Dress in the United States. Such advertising and promotion have taken place in the print and electronic media, over the Internet, on billboards, on stadium signage, in film and television productions, and in a variety of other ways. The primary print advertising campaign for Jack Daniel's Tennessee Whiskey, which has prominently featured the Jack Daniel's Trade Dress, commenced in 1955 and has continued since then, making the

---

[1] The drawing of the mark in the certificate of registration for U.S. Reg. No. 2789278 was amended in 2013. Included in Exhibit 1 is a printout of the USPTO's trademark database showing the current drawing of the mark in this registration.

campaign one of the longest continuous consumer advertising campaigns in American history. Jack Daniel's Tennessee Whiskey featuring the Jack Daniel's Trade Dress has been seen in numerous motion pictures and television programs viewed by many millions of Americans, and has also received extensive unsolicited media coverage and public exposure as the unofficial drink of choice of celebrities such as Frank Sinatra.

12.     JDPI's predecessors-in-interest and licensees have achieved billions of dollars in sales of Jack Daniel's Tennessee Whiskey in the United States under the JDPI Trademarks and the Jack Daniel's Trade Dress. Jack Daniel's Tennessee Whiskey is currently reported to be the best-selling whiskey in the United States, and the JACK DANIEL'S brand has consistently been ranked among the world's most successful and valuable beverage alcohol brands. In the most recent Interbrand annual report of the "Best Global Brands 2021," the JACK DANIEL'S brand was ranked as the most valuable spirit brand in the world.

13.     The Jack Daniel's Trade Dress is inherently distinctive, or achieved acquired distinctiveness, long prior to the commencement of Defendant's acts of infringement, dilution, and unfair competition complained of herein by virtue of extensive sales and advertising of Jack Daniel's Tennessee Whiskey featuring the Jack Daniel's Trade Dress, decades of consumption by the public of Jack Daniel's Tennessee Whiskey packaged in the Jack Daniel's Trade Dress, extensive consumer recognition of the Jack Daniel's Trade Dress, and association of the Jack Daniel's Trade Dress with Jack Daniel's Tennessee Whiskey. The combination of elements comprising the Jack Daniel's Trade Dress is non-functional because it is not essential to the use or purpose of Jack Daniel's Tennessee Whiskey and does not affect the cost or quality of the product.

14.     The JDPI Trademarks and the Jack Daniel's Trade Dress are famous in the United States for whiskey and distilled spirits, and they became famous long prior to Defendant's acts of infringement, dilution, and unfair competition alleged herein. The Jack Daniel's Trade Dress has been adjudicated famous in the United States within the meaning of 15 U.S.C. § 1125(c)(2)(A).

*Defendant's Infringement of the JDPI Trademarks and Jack Daniel's Trade Dress*

15. On information and belief, Defendant is a producer of distilled spirits including whiskey, both under its own labels and under the labels of third parties. Defendant also operates under the name Phillips Distilling Co.

16. Since at least 2017, Defendant has produced and sold nationwide a Tennessee sour mash whiskey aged for 9 years under the brand "King's Creek," including with the following label:




17. For reasons that Defendant has yet to explain, Defendant decided to develop a new label for its whiskey, that is aged for only four years, that copies the Jack Daniel's Trade Dress with the following packaging and label (the "Accused Whiskey"):




Thereafter, Defendant introduced other, alternate versions of this label to market, including the following:






(collectively, the "Accused Label").

18. The Accused Label incorporates, copies, or imitates many elements of the Jack Daniel's Trade Dress and JDPI Trademarks. The Accused Label is printed on a black background with white lettering and a similar overall color scheme to the Jack Daniel's Trade Dress; includes tall, arched KING'S CREEK lettering, duplicating the JACK DANIEL'S lettering; uses a circular design element directly below the KING'S CREEK mark, surrounded by filigree designs, imitating the OLD NO. 7 BRAND cartouche and adjacent elements; duplicates the size, arrangement, and lettering of TENNESSEE SOUR MASH WHISKEY in the Jack Daniel's Trade Dress, in particular the filigree design surrounding the words SOUR MASH; and imitates generally the combination of serif, sans-serif, and script lettering of the Jack Daniel's Trade Dress (collectively, the "Accused Trade Dress"). The Accused Label also includes identical elements for its flavor varieties (*e.g.*, FIRE and HONEY) that are clearly designed to imitate the Jack Daniel's Tennessee Fire and Jack Daniel's Tennessee Honey products, respectively.

19. The overall impression of the Accused Label and Accused Trade Dress is of a direct imitation of the Jack Daniel's Trade Dress, as is made clear in the following comparison:



20. JDPI and Defendant advertise and promote their respective products in the same marketing channel. Likewise, they distribute and sell their products in the same channels of trade

to the same classes of customers. The Accused Whiskey and Jack Daniel's Tennessee Whiskey inhabit the exact same product category—Tennessee sour mash whiskey—and have appeared on the same shelf in retail stores.

21. When Defendant began producing and selling the Accused Whiskey using the Accused Label and Accused Trade Dress, it was undeniably aware of the famous JDPI Trademarks and famous Jack Daniel's Trade Dress. On information and belief, Defendant intentionally and willfully adopted the Accused Label and Accused Trade Dress to trade upon the goodwill embodied in the JDPI Trademarks and Jack Daniel's Trade Dress.

22. The Jack Daniel's Trade Dress, on the one hand, and the Accused Trade Dress, on the other hand, convey a very similar commercial impression in the marketplace. Consumers of the parties' respective products are likely to believe that they come from the same source, or otherwise share a common sponsorship or affiliation. Defendant's use of the Accused Trade Dress and Accused Label in connection with whiskey or beverages containing whiskey, and the merchandising thereof, is likely to cause consumers and prospective purchasers of the Accused Whiskey to mistakenly believe that it originates with or is licensed, endorsed, authorized, or sponsored by the owner of the JDPI Trademarks and the Jack Daniel's Trade Dress. Consumers and prospective purchasers may mistakenly believe that there is a business relationship, affiliation, connection, or association between Defendant and the owner of the JDPI Trademarks and the Jack Daniel's Trade Dress.

23. Defendant's use of the Accused Label and Accused Trade Dress is also likely to dilute the famous JDPI Trademarks and the famous Jack Daniel's Trade Dress by blurring and by tarnishment. The similarities of the Accused Label and Accused Trade Dress with the JDPI Trademarks and the Jack Daniel's Trade Dress have impaired, and will continue to impair, the distinctive quality of the JDPI Trademarks and the Jack Daniel's Trade Dress in the marketplace.

### First Claim For Relief

*(Infringement of Federally-Registered Trademarks and Trade Dress; 15 U.S.C. § 1114(1))*

24. JDPI repeats and realleges the above allegations as if fully set forth herein.

-11-   Case No. 3:22-cv-3262
COMPLAINT

25. Defendant's use of the Accused Trade Dress and Accused Label in the manufacture, advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Accused Whiskey as alleged herein constitute the use in commerce, on or in connection with Defendant's goods, of reproductions, copies, or colorable imitations of JDPI's federally registered trademarks and federally registered trade dress, which is likely to cause confusion, to cause mistake, or to deceive, in violation of § 32(1) of the United States Trademark Act, 15 U.S.C. § 1114(1).

26. Defendant's willful and deliberate infringement of JDPI's federally-registered trademarks and federally-registered trade dress as alleged herein has caused and is likely to continue to cause substantial injury to the public and to JDPI, and JDPI is entitled to injunctive relief and its attorneys' fees and costs under §§ 32, 34, 35, and 36 of the United States Trademark Act, 15 U.S.C. §§ 1114, 1116, 1117, and 1118.

27. Defendant's infringement of JDPI's federally-registered trademarks and federally-registered trade dress as alleged herein has caused and is likely to continue to cause irreparable harm to JDPI. Unless restrained and enjoined by this Court, Defendant will persist in its infringement, thereby causing JDPI further irreparable harm.

28. JDPI has no adequate remedy at law.

**Second Claim For Relief**

(*Trademark and Trade Dress Infringement in Violation of Federal Law; 15 U.S.C. § 1125(a)*)

29. JDPI repeats and realleges the above allegations as if fully set forth herein.

30. Defendant's use of the Accused Trade Dress and Accused Label in the manufacture, advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Accused Whiskey as aforesaid constitute infringement of the JDPI Trademarks and Jack Daniel's Trade Dress through use in commerce, in connection with Defendant's goods, of a combination of symbols or devices, a false designation or origin, and a false or misleading description of fact, that is likely to cause confusion, or to cause mistake, or to deceive, as to the origin, sponsorship, or approval of Defendant's use of the Accused Trade Dress and Accused Label and commercial

activities with or by JDPI, in violation of § 43(a)(1) of the United States Trademark Act, 15 U.S.C. § 1125(a)(1).

31. Defendant's willful and deliberate infringement of the JDPI Trademarks and Jack Daniel's Trade Dress as alleged herein has caused and is likely to continue to cause substantial injury to the public and to JDPI, and JDPI is entitled to injunctive relief and its attorneys' fees and costs under §§ 32, 34, 35, and 36 of the United States Trademark Act, 15 U.S.C. §§ 1114, 1116, 1117, and 1118.

32. Defendant's infringement of the JDPI Trademarks and Jack Daniel's Trade Dress as aforesaid has caused and is likely to continue to cause irreparable harm to JDPI. Unless restrained and enjoined by this Court, Defendant will persist in its infringement, thereby causing JDPI further irreparable harm.

33. JDPI has no adequate remedy at law.

### Third Claim For Relief

*(Dilution of JDPI Trademarks and Trade Dress in Violation of Federal Law; 15 U.S.C. § 1125(c))*

34. JDPI repeats and realleges the above allegations as if fully set forth herein.

35. Defendant's use of the Accused Trade Dress and Accused Label in the manufacture, advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Accused Whiskey as alleged herein is likely to cause dilution by blurring and by tarnishment of the JDPI Trademarks and Jack Daniel's Trade Dress, which became famous in California and throughout the United States before Defendant commenced its use of the Accused Trade Dress and Accused Label, by eroding the public's exclusive identification of the famous JDPI Trademarks and Jack Daniel's Trade Dress with JDPI, lessening the capacity of the famous JDPI Trademarks and Jack Daniel's Trade Dress to identify and distinguish the goods and services sold under and connection with it, and otherwise harming the reputation of said trademarks and trade dress, in violation of § 43(c) of the United States Trademark Act, 15 U.S.C. § 1125(c).

36. Upon information and belief, Defendant willfully and deliberately intended to trade on the reputation and goodwill of the JDPI Trademarks and Jack Daniel's Trade Dress, or to cause dilution of the JDPI Trademarks and Jack Daniel's Trade Dress.

37.     Defendant has diluted and is likely to continue to dilute the distinctiveness of the famous JDPI Trademarks and Jack Daniel's Trade Dress, and JDPI is entitled to injunctive relief and its attorneys' fees and costs under §§ 34, 35, 36, and 43(c) of the United States Trademark Act, 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c).

38.     Defendant's dilution of the JDPI Trademarks as aforesaid has caused and continues to cause irreparable harm to JDPI. Unless restrained and enjoined by this Court, Defendant will persist in its dilution, thereby causing JDPI further irreparable harm.

39.     JDPI has no adequate remedy at law.

**Fourth Claim For Relief**

(*Trademark and Trade Dress Dilution in Violation of California Law*)

40.     JDPI repeats and realleges the above allegations as if fully set forth herein.

41.     Defendant's use of the Accused Trade Dress and Accused Label in the manufacture, advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Accused Whiskey in commerce in California as alleged herein began long after the JDPI Trademarks and Jack Daniel's Trade Dress became well-known, distinctive, and famous in California and throughout the United States, and dilutes the distinctive quality of the JDPI Trademarks and Jack Daniel's Trade Dress, in violation of Cal. Bus. & Prof. Code § 14247.

42.     Upon information and belief, Defendant willfully intended to trade on the reputation and goodwill associated with the JDPI Trademarks and Jack Daniel's Trade Dress, and to cause dilution of the JDPI Trademarks and Jack Daniel's Trade Dress.

43.     Defendant's dilution of the JDPI Trademarks and Jack Daniel's Trade Dress as aforesaid has caused irreparable harm to JDPI. Unless restrained and enjoined by this Court, Defendant will persist in its dilution, thereby causing JDPI further irreparable harm.

44.     JDPI has no adequate remedy at law.

**Fifth Claim For Relief**

(*Common Law Trademark and Trade Dress Infringement and Unfair Competition*)

45.     JDPI repeats and realleges the above allegations as if fully set forth herein.

46. Defendant's use of the Accused Trade Dress and Accused Label in the manufacture, advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Accused Whiskey as alleged herein constitutes infringement of the JDPI Trademarks and Jack Daniel's Trade Dress and unfair competition at common law.

47. Defendant's trademark infringement and unfair competition as aforesaid has caused irreparable harm to JDPI. Unless restrained and enjoined by this Court, Defendant will persist in its trademark infringement, trade dress infringement, and unfair competition as aforesaid, thereby causing JDPI further irreparable harm.

48. JDPI has no adequate remedy at law.

**Sixth Claim For Relief**

(*Unfair Competition in Violation of California Law*)

49. JDPI repeats and realleges the above allegations as if fully set forth herein.

50. Defendant's use of the Accused Label and Accused Trade Dress in the manufacture, advertisement, promotion, display, shipment, offering for sale, sale, and distribution of the Accused Whiskey as alleged herein constitutes trademark infringement, trade dress infringement and unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq*., including Cal. Bus. & Prof. Code § 17203.

51. Defendant's trademark infringement, trade dress infringement, and unfair competition as alleged herein has caused irreparable harm to JDPI. Unless restrained and enjoined by this Court, Defendant will persist in its trademark infringement, trade dress infringement, and unfair competition as aforesaid, thereby causing JDPI further irreparable harm.

52. JDPI has no adequate remedy at law.

**Prayer for Relief**

Plaintiff Jack Daniel's Properties, Inc. prays for judgment as follows:

1. That Defendant United States Distilled Products Co. and its respective owners, agents, servants, employees, and attorneys, and all other persons in active concert or participation with it who receive actual notice of the injunctions prayed for herein by personal service or otherwise, be preliminarily and then permanently restrained and enjoined from:

1.1. Manufacturing, advertising, promoting, displaying, shipping, offering for sale, selling, or distributing the Accused Whiskey bearing the Accused Label or the Accused Trade Dress;

1.2. Manufacturing, advertising, promoting, displaying, shipping, offering for sale, selling, or distributing any other beverage alcohol bearing the Accused Trade Dress or using the Accused Label, or any other copy, reproduction, or colorable imitation of JDPI's registered trademarks and the Jack Daniel's Trade Dress, or any other mark or trade dress that is confusingly similar thereto;

1.3. Manufacturing, advertising, promoting, displaying, shipping, offering for sale, selling, or distributing any other beverage alcohol that dilutes the distinctiveness of the famous JDPI Trademarks or the famous Jack Daniel's Trade Dress; and

1.4. Doing any other act or thing that is likely to cause persons to believe that Defendant's goods or commercial activities originate with or are licensed, sponsored, or authorized by JDPI;

2. That Defendant be ordered, pursuant to 15 U.S.C. § 1116, to file with the Court and to serve on counsel for JDPI, within 30 days after the entry of judgment herein, a written report under oath setting forth in detail the manner in which it has complied with the injunction ordered by the Court;

3. That Defendant be ordered, pursuant to 15 U.S.C. § 1118, to deliver up to the Court for destruction or other disposition all labels, signs, prints, packages, wrappers, receptacles, and advertisements and promotional materials showing the Accused Trade Dress or Accused Label, and all plates, molds, matrices, and other means of making the same;

4. That Defendant be ordered, pursuant to 15 U.S.C. § 1117(a), to account for and pay to JDPI all of its profits from the sale of the Accused Whiskey bearing the Accused Trade Dress or using the Accused Label, and that such profits be enhanced on the basis of its willful infringement of JDPI's federally-registered marks, willful infringement of the Jack Daniel's Trade Dress, and willful unfair competition;

5.      That Defendant be ordered, pursuant to 15 U.S.C. § 1117(a), to pay to JDPI all damages sustained by JDPI as a result of its infringement, and unfair competition, and that such award be trebled on the basis of its willful infringement of JDPI's federally-registered marks, willful infringement of the Jack Daniel's Trade Dress, and willful unfair competition;

6.      That the Court determine that this matter is an "exceptional case," and accordingly that Defendant be ordered, pursuant to 15 U.S.C. § 1117(a), to pay to JDPI its attorneys' fees and the costs and expenses of this action; and

7.      That JDPI be granted such other and further relief as the Court may deem just and proper.

DATED:  June 3, 2022                           HANSON BRIDGETT LLP

                                               By:   /s/ Raffi Zerounian
                                               RAFFI V. ZEROUNIAN
                                               GARNER K. WENG
                                               JUSTIN P. THIELE
                                               Attorneys for Plaintiff Jack Daniel's Properties, Inc.

**Demand for Jury Trial**

Pursuant to Fed. R. Civ. P. 38 and L.R. 3-6, Plaintiff JDPI hereby demands a trial by jury on all issues so triable.

DATED: June 3, 2022                    HANSON BRIDGETT LLP

By: /s/ Raffi Zerounian
RAFFI V. ZEROUNIAN
GARNER K. WENG
JUSTIN P. THIELE
Attorneys for Plaintiff Jack Daniel's Properties, Inc.