PILLSBURY WINTHROP SHAW PITTMAN LLP
DAVID A. JAKOPIN (SBN 209950)
david.jakopin@pillsburylaw.com
PAUL E. THOMAS (SBN 208577)[1]
paul.thomas@pillsburylaw.com
2550 Hanover Street
Palo Alto, CA 94304-1115
Telephone:      650.233.4500
Facsimile:       650.233.4545

Attorneys for Defendant
United States Distilled Products Co.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK DANIEL'S PROPERTIES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DISTILLED PRODUCTS COMPANY, a Minnesota corporation,<br><br>Defendant. | Case No. 3:22-cv-03262-WHO<br><br>**DEFENDANT UNITED STATES DISTILLED PRODUCTS COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR FEDERAL TRADEMARK AND TRADE DRESS INFRINGEMENT, FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN, FEDERAL TRADEMARK AND TRADE DRESS DILUTION, CALIFORNIA TRADEMARK AND TRADE DRESS DILUTION, COMMON LAW TRADEMARK AND TRADE DRESS INFRINGEMENT, AND UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge:  The Honorable William H. Orrick |

Defendant United States Distilled Products Co. ("Defendant" or "USDP") files this Answer to Plaintiff Jack Daniel's Properties, Inc.'s ("Plaintiff" or "Jack Daniel's") Complaint for Federal Trademark and Trade Dress Infringement, Federal Unfair Competition and False Designation of Origin, Federal Trademark and Trade Dress Dilution, California Trademark and Trade Dress

---

[1] Admission to the Northern District forthcoming.

Dilution, Common Law Trademark and Trade Dress Infringement, and Unfair Competition Under Cal. Bus. & Prof. Code § 17200.

### NATURE OF THE ACTION

1. Defendant admits that it produces both a Tennessee sour mash whiskey product aged at least nine years and another Tennessee sour mash whiskey product aged at least four years under its registered KING'S CREEK trademark (U.S. Reg. No.: 5927029). Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of Plaintiff's averments in Paragraph 1, and consequently Defendant denies such averments.

### PARTIES

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments in Paragraph 2, and consequently Defendant denies such averments.

3. Defendant admits the averments in Paragraph 3.

### JURISDICTION AND VENUE

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments in Paragraph 4, and consequently Defendant denies such averments.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments in Paragraph 5, and consequently Defendant denies such averments.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments in Paragraph 6, and consequently Defendant denies such averments.

### DIVISIONAL ASSIGNMENT

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments in Paragraph 7, and consequently Defendant denies such averments.

### ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

*The Jack Daniel's Trademarks and Trade Dress*

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments in Paragraph 8, and consequently Defendant denies such averments.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments in Paragraph 9, and consequently Defendant denies such averments.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments in Paragraph 10, and consequently Defendant denies such averments.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments in Paragraph 11, and consequently Defendant denies such averments.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments in Paragraph 12, and consequently Defendant denies such averments.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments in Paragraph 13, and consequently Defendant denies such averments.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments in Paragraph 14, and consequently Defendant denies such averments.

*Defendant's Infringement of the JDPI Trademarks and Jack Daniel's Trade Dress*

15. Defendant admits the averments in Paragraph 15.

16. Defendant admits the averments in Paragraph 16.

17. Defendant admits the averments that it produces, under its registered KING'S CREEK trademark, a Tennessee sour mash whiskey product aged at least four years, and that it produces the following flavored whiskeys under its registered KING'S CREEK trademark: Fire, Honey, Brown Sugar (collectively, the "KING'S CREEK Labels"). Defendant denies the remainder of Plaintiff's averments in Paragraph 17.

18. Defendant denies Plaintiff's averments in Paragraph 18.

19. Defendant denies Plaintiff's averments in Paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments in Paragraph 20, and consequently Defendant denies such averments.

21. Defendant denies Plaintiff's averments in Paragraph 21.

22. Defendant denies Plaintiff's averments in Paragraph 22.

23. Defendant denies Plaintiff's averments in Paragraph 23.

**First Claim For Relief**

*(Infringement of Federally-Registered Trademarks and Trade Dress; 15 U.S.C. § 1114(1))*

24. Defendant denies Plaintiff's averments in Paragraph 24.

25. Defendant denies Plaintiff's averments in Paragraph 25.

26. Defendant denies Plaintiff's averments in Paragraph 26.

27. Defendant denies Plaintiff's averments in Paragraph 27.

28. Defendant denies Plaintiff's averments in Paragraph 28.

**Second Claim For Relief**

*(Trademark and Trade Dress Infringement in Violation of Federal Law; 15 U.S.C. § 1125(a))*

29. Defendant denies Plaintiff's averments in Paragraph 29.

30. Defendant denies Plaintiff's averments in Paragraph 30.

31. Defendant denies Plaintiff's averments in Paragraph 31.

32. Defendant denies Plaintiff's averments in Paragraph 32.

33. Defendant denies Plaintiff's averments in Paragraph 33.

**Third Claim For Relief**

*(Dilution of JDPI Trademarks and Trade Dress in Violation of Federal Law; 15 U.S.C. § 1125(c))*

34. Defendant denies Plaintiff's averments in Paragraph 34.

35. Defendant denies Plaintiff's averments in Paragraph 35.

36. Defendant denies Plaintiff's averments in Paragraph 36.

37. Defendant denies Plaintiff's averments in Paragraph 37.

38. Defendant denies Plaintiff's averments in Paragraph 38.

39. Defendant denies Plaintiff's averments in Paragraph 39.

**Fourth Claim For Relief**

*(Trademark and Trade Dress Dilution in Violation of California Law)*

40. Defendant denies Plaintiff's averments in Paragraph 40.

41. Defendant denies Plaintiff's averments in Paragraph 41.

42. Defendant denies Plaintiff's averments in Paragraph 42.

43. Defendant denies Plaintiff's averments in Paragraph 43.

44. Defendant denies Plaintiff's averments in Paragraph 44.

**Fifth Claim For Relief**

*(Common Law Trademark and Trade Dress Infringement and Unfair Competition)*

45. Defendant denies Plaintiff's averments in Paragraph 45.

46. Defendant denies Plaintiff's averments in Paragraph 46.

47. Defendant denies Plaintiff's averments in Paragraph 47.

48. Defendant denies Plaintiff's averments in Paragraph 48.

**Sixth Claim For Relief**

*(Unfair Competition in Violation of California Law)*

49. Defendant denies Plaintiff's averments in Paragraph 49.

50. Defendant denies Plaintiff's averments in Paragraph 50.

51. Defendant denies Plaintiff's averments in Paragraph 51.

52. Defendant denies Plaintiff's averments in Paragraph 52.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

**(No Infringement, Dilution, or Unfair Competition)**

53. In Paragraph 10 of the Complaint, Plaintiff defines what it refers to as the "JDPI Trademarks." Defendant's KING'S CREEK Labels include none of the elements of the JDPI Trademarks which are exclusively owned by Plaintiff or in which Plaintiff has exclusive nationwide rights. Further, Defendant's KING'S CREEK Labels contain many elements which are wholly absent from the JDPI Trademarks, including the following:

1
2
3
4
5
6
7
8
9
10
11

 

12 (1) Defendant's registered KING'S CREEK trademark; (2) the KC circle design and double arches
13 at the top of Defendant's KING'S CREEK Labels; (3) the design of a creek flowing through forested
14 hills in the center of the Label; (4) the wording LINCOLN COUNTY PROCESS; (5) the wording
15 TENNESSEE QUALITY CORN; (6) the wording BLACK LABEL; (7) the wording PRODUCED
16 USING THE LINCOLN COUNTY PROCESS; (8) the wording AGED IN NEW AMERICAN OAK
17 CHARRED BARRELS; (9) the banner design at the bottom of Defendant's primary KING'S
18 CREEK Label; and (10) the wording MINIMUM 4 YEARS AGED AMERICAN OAK CHARRED
19 BARRELS in the banner at the bottom of Defendant's primary KING'S CREEK Label; (11) the
20 fonts and point sizes used for the lettering; and (12) the tan color used both in the design elements
21 and in the lettering of the KING'S CREEK Label.  In addition, Defendant's KING'S CREEK Labels
22 for its flavored products contain additional elements wholly absent from the JDPI Trademarks,
23 namely, the red, yellow, and brown rectangles with their internal wording and design elements, and
24 the banner at the bottom of the labels with its wording 70 PROOF HAND MADE WITH CARE:
25
26
27
28





Because Defendant's KING'S CREEK Labels not only use none of the elements of the JDPI Trademarks which are exclusively owned by Plaintiff or in which Plaintiff has exclusive nationwide rights but also contain at least a dozen elements that are wholly absent from the JDPI Trademarks, Defendant's KING'S CREEK Labels are clearly different and distinguishable from the JDPI Trademarks, and no likelihood of confusion exists. Consequently, no factual basis exists for Plaintiff's claims of trademark infringement, dilution, or unfair competition, and such claims are without merit.

## SECOND DEFENSE

**(Distinctive Trade Dress)**

54. Defendant's KING'S CREEK Labels are used on flask bottles with rounded shoulders (collectively, "Defendant's Trade Dress"), while Plaintiff uses a distinctive rectangular bottle with squared shoulders and a fluted neck (collectively, the JDPI Trademarks together with Plaintiff's distinctive bottle are referred to herein as "Plaintiff's Trade Dress"):




Because Defendant does not use Plaintiff's Trade Dress and because Defendant's Trade Dress is clearly distinct and different from Plaintiff's Trade Dress, no likelihood of confusion exists. Consequently, no factual basis exists for Plaintiff's claims of trademark infringement, dilution, or unfair competition, and such claims are without merit.

### THIRD DEFENSE

**(No Willful Infringement)**

55. Plaintiff has averred no facts which support Plaintiff's claims for willful trademark infringement. Consequently, Plaintiff's claims for willful trademark infringement are groundless and without merit.

### FOURTH DEFENSE

**(Failure to State a Claim)**

56. Because no factual basis exists for Plaintiff's claims for trademark infringement, willful trademark infringement, dilution, and unfair competition, Plaintiff has failed to state a claim on which relief can be granted.

## FIFTH DEFENSE

### (Absence of Damages)

57. Plaintiff has suffered no injury due to any action or inaction by Defendant and, accordingly, Plaintiff has incurred no damages and shall not incur damages in the future due to Defendant's ongoing use of Defendant's KING'S CREEK Trade Dress.

## SIXTH DEFENSE

### (Unjust Enrichment)

58. Plaintiff would be unjustly enriched if the Court grants the relief Plaintiff is requesting.

## SEVENTH DEFENSE

### (Reservation of Rights)

59. Defendant has insufficient knowledge or information upon which to form a belief as to whether Defendant may have additional, as yet unstated, affirmative defenses in this matter. Accordingly, Defendant reserves the right to raise additional defenses as may become known to Defendant during discovery.

## PRAYER FOR RELIEF

Defendant USDP request that the Court:

1. Dismiss Plaintiff's Complaint in its entirety;
2. Order Plaintiff to pay Defendant's attorneys' fees, costs, and expenses of this action.
3. Award Defendant such further relief as the Court may deem just and proper.

Dated: July 29, 2022                         PILLSBURY WINTHROP SHAW PITTMAN LLP

　　　　　　　　　　　　　　　　　　　　　　 /s/ David A. Jakopin
　　　　　　　　　　　　　　　　　　　　　　DAVID A. JAKOPIN
　　　　　　　　　　　　　　　　　　　　　　PAUL E. THOMAS

　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　　United States Distilled Products Co.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38 and L.R. 3-6, Defendant USDP hereby demands a trial by jury.

Dated: July 29, 2022

PILLSBURY WINTHROP SHAW PITTMAN LLP

 */s/ David A. Jakopin*
DAVID A. JAKOPIN
PAUL E. THOMAS

Attorneys for Defendant
United States Distilled Products Co.