HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN, SBN 236388
rzerounian@hansonbridgett.com
GARNER K. WENG, SBN 191462
gweng@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
JUSTIN P. THIELE, SBN 311787
Jthiele@hansonbridgett.com
777 S Figueroa Street, Suite 4200
Los Angeles, California 90017
Telephone: (213) 395-7632

*Attorneys for Plaintiff*
JACK DANIEL'S PROPERTIES, INC.

PILLSBURY WINTHROP SHAW PITTMAN LLP
DAVID A. JAKOPIN (SBN 209950)
david.jakopin@pillsburylaw.com
PAUL E. THOMAS (SBN 208577)[1]
paul.thomas@pillsburylaw.com
2550 Hanover Street
Palo Alto, CA 94304-1115
Telephone: 650.233.4500
Facsimile: 650.233.4545

*Attorneys for Defendant*
United States Distilled Products Co.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

JACK DANIEL'S PROPERTIES, INC., a Delaware corporation,

Plaintiff,

v.

UNITED STATES DISTILLED PRODUCTS CO., a Minnesota corporation,

Defendant.

Case No. 3:22-cv-3262-TLT

**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

Judge: Hon. Trina L. Thompson

[1] Admission to the Northern District forthcoming.

Plaintiff Jack Daniel's Properties, Inc. ("Plaintiff" or "JDPI") and Defendant United States Distilled Products Co. ("Defendant" or "USDP") jointly submit this Joint Case Management Statement & Proposed Order pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1. **Jurisdiction and Service**: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

This is an action for infringement and dilution of federally-registered trademarks and federally-registered trade dress, with claims under the United States Trademark Act, California law, and common law. The Court has jurisdiction over the subject matter of Plaintiff's claims arising under the United States Trademark Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has original or supplemental jurisdiction over the subject matter of Plaintiff's claims under state law pursuant to 28 U.S.C. §§ 1338(b) and 1367. Additionally, the Court has subject-matter jurisdiction over Plaintiff's claims for the additional reason that this is an action between citizens of different states in which the value of the amount in controversy exceeds $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332.

No issues exist regarding personal jurisdiction or venue.

No parties remain to be served.

2. **Facts**: A brief chronology of the facts and a statement of the principal factual issues in dispute.

Plaintiff JDPI alleges longstanding history, fame, and rights in its trademarks and trade dress used in connection with its Jack Daniel's Tennessee Whiskey and other Jack Daniel's products, including trademarks and trade dress shown in the image below:



JDPI alleges numerous U.S. federal registrations of the JACK DANIEL'S mark and various aspects of the label and associated trade dress shown above—and alleges use of the JACK DANIEL'S mark going back to 1875 and use of the trade dress going back many decades.

Since approximately 2017, Defendant USDP has produced and sold nationwide a nine year old Tennessee sour mash whiskey under the brand, "King's Creek"—for some years with the appearance and label shown below:




More recently, upon introducing a four year old Tennessee sour mash whisky product, USDP moved to a new label, as shown below:

 

Plaintiff JDPI alleges that this trade dress and new label used by Defendant USDP, as described in greater detail in paragraphs 16 through 23 of the Complaint, infringes and dilutes its federally-registered trademarks and trade dress.

Among various defenses, Defendant USDP alleges that it does not make use of the JACK DANIEL'S mark and in turn uses many other elements, including words, design elements, and bottle shape, that are different than JDPI's asserted trademarks and trade dress—and accordingly that its new label and trade dress do not infringe or dilute JDPI's trademarks or trade dress.

3. **Legal Issues**: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

The parties dispute: whether Defendant USDP's accused label and trade dress infringe Plaintiff JDPI's asserted trademarks and trade dress under federal law (15 U.S.C. §§ 1114(1), 1125(a)), state law (Cal. Bus. & Prof. Code § 17200), or common law; whether Defendant USDP's accused label and trade dress dilute Plaintiff JDPI's asserted trademarks and trade dress under federal law (15 U.S.C. § 1125(c)), state law (Cal. Bus. & Prof. Code § 14247), or common law; whether this constitutes an "exceptional case" under 15 U.S.C. § 1117(a); and to what relief JDPI may be entitled.

4.  **Motions**: All prior and pending motions, their current status, and any anticipated motions.

There are no prior or pending motions.

Investigation of the facts is continuing, and the parties are only in the earliest stages of discovery. At this time, the parties anticipate filing motions as follows:

Plaintiff JDPI: motion for summary judgment or adjudication.

Defendant USDP: motion for summary judgment or adjudication.

5.  **Amendment of Pleadings**: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

At this time, the parties do not anticipate amending the pleadings to add or dismiss parties, claims, or defenses, although investigation of the facts is continuing and the parties are only in the earliest stages of discovery. Should the need for any such amendments arise, the parties will meet and confer to see if agreement can be reached regarding such amendments, and such amendments will be governed by Fed. R. Civ. P. 15.

The parties propose the following deadline for filing a motion to amend the pleadings to add parties, claims, or defenses: December 19, 2022.

6.  **Evidence Preservation**: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties certify that they each have reviewed the ESI Guidelines and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding evidence preservation.

7.  **Disclosures**: : Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

The parties anticipate serving their initial disclosures by October 17, 2022.

8.  **Discovery**: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the

parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

On October 11, 2022, Plaintiff JDPI served on Defendant USDP written discovery including requests for production, requests for admission, and interrogatories.

The parties do not propose any limitations or modifications of the discovery rules.

The parties have considered entering into a stipulated e-discovery order. After meeting and conferring, at this time, the parties have agreed to continue meeting and conferring about e-discovery issues and to revisit the utility of such an order in the future if or when appropriate. In its requests for production of documents, Plaintiff JDPI will request the production of ESI as TIFF image files with associated metadata, searchable text and load files, and in native file format where necessary and appropriate.

The parties anticipate conducting discovery, among other things, on the bases of Plaintiff JDPI's rights in its asserted trademarks and trade dress, Defendant USDP's decisions regarding and implementation of the change to the KING'S CREEK label and trade dress, consumer perception of the accused label and trade dress and any alleged likelihood of confusion or dilution, and profits and alleged damages.

The parties' proposed discovery plan is reflected further in their proposed dates in Section 17 (Scheduling).

The parties are not aware of any particular issues relating to privilege but will seek to informally resolve any such issues that may arise. The parties further agree that communications involving counsel of record in this action that post-date the filing of the complaint need not be placed on a privilege log.

The parties also agree that communications between any testifying expert and any attorney for either party do not need to be "logged" to be protected, and that the parties will provide only the communications exempt from protection under Fed. R. Civ P. 26, such as those relating to compensation or identifying facts or assumptions considered or relied upon.

The parties further agree to enter into a Rule 502(d) Order or include appropriate language in the parties' proposed protective order that will ensure that in the event that any privileged document or communication is inadvertently produced or disclosed during the course of this case, the receiving party will promptly notify the receiving party of the inadvertent disclosure. Notwithstanding this agreement, neither party waives the right to later challenge the designation of any document or communication as privileged.

The parties further agree to accept service by email of all discovery requests and responses.

No discovery disputes have been identified at this time.

9. **Class Actions**: If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

Not applicable.

10. **Related Cases**: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

There are no related cases or proceedings.

11. **Relief**: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

Plaintiff JDPI prays for relief as set forth in the complaint, including permanent injunctive relief restraining Defendant USDP from use of the new label and label trade dress, accounting of profits from sales making use of the new label and label trade dress, and damages, as well as the damages multiplier and attorneys' fees for an "exceptional case" under 15 U.S.C. § 1117(a).

Defendant USDP has not asserted a counterclaim.

12. **Settlement and ADR**: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

The parties have been discussing settlement before and since the filing of this action, and progress towards settlement has been made. The parties also discussed ADR in their conference of counsel. Plaintiff JDPI proposed to stipulate to an ADR process, namely, private ADR, with the parties to meet and confer on a mutually-agreeable private mediator. Defendant USDP proposes to discuss ADR selection with the Court at the case management conference, because USDP believes that the ongoing settlement discussions could be facilitated via a mediation process. Plaintiff JDPI is amenable to private mediation and further discussing ADR selection with the Court at the case management conference.

13. **Consent to Magistrate Judge For All Purposes**: Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes _X_ No

The parties do not consent to have a magistrate judge conduct all further proceedings.

14. **Other References**: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

The parties do not find the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

After meeting and conferring, the parties have not identified issues that can be narrowed by agreement or by motion at this time. The parties contemplate that, after discovery and further development of the case, they will meet and confer on ways to expedite the presentation of evidence at trial.

At this time, the parties do not contemplate requesting bifurcation of issues, claims, or defenses.

16. **Expedited Trial Procedure**: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a

Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

No, not applicable.

17. **Scheduling**: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

The parties propose the following dates:

| Deadline/Event | Proposed Date |
|---|---|
| Close of Fact Discovery | June 26, 2023 |
| Designation of Initial Experts and Service of Expert Reports | July 14, 2023 |
| Designation of Rebuttal Experts and Service of Reports | August 11, 2023 |
| Close of Expert Discovery | September 1, 2023 |
| Last date to file dispositive motions | October 2, 2023 |
| Last date to hear dispositive motions (Civil motion hearings generally on Tuesdays at 2:00 p.m.) | November 14, 2023 |
| Pretrial conference (Civil pretrial conferences generally on Thursdays at 3:30 p.m.) | January 18, 2024 |
| Trial | February 19, 2024 |

18. **Trial**: Whether the case will be tried to a jury or to the court and the expected length of the trial.

The parties agree that the case will be tried to a jury.

The parties expect the length of the trial to be: 5–7 days.

19. **Disclosure of Non-Party Interested Entities or Persons**: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

Each party has filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-15. Each party restates the contents of its certification as follows.

Plaintiff JDPI identifies Brown-Forman Corporation.

Defendant USDP states, for its part, other than the named parties, there are no such persons or entities.

20. **Professional Conduct**: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

The parties confirm that all their attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

None at this time.

DATED: October 17, 2022                                HANSON BRIDGETT LLP


By:        /s/ Raffi V. Zerounian
           RAFFI V. ZEROUNIAN
           GARNER K. WENG
           JUSTIN P. THIELE
           *Attorneys for Plaintiff*
           Jack Daniel's Properties, Inc.

DATED: October 17, 2022                                PILLSBURY WINTHROP SHAW PITTMAN LLP


By:        /s/ Paul E. Thomas
           DAVID A. JAKOPIN
           PAUL E. THOMAS
           *Attorneys for Defendant*
           United States Distilled Products Co.

**ATTESTATION**

Pursuant to Local Rule 5-1(h)(3), all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: October 17, 2022 HANSON BRIDGETT LLP

By: /s/ Raffi V. Zerounian
RAFFI V. ZEROUNIAN
GARNER K. WENG
JUSTIN P. THIELE
*Attorneys for Plaintiff*
Jack Daniel's Properties, Inc.

**CASE MANAGEMENT ORDER**

The above Joint Case Management Statement & Proposed Order is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: ________________________

________________________________

Hon. Trina L. Thompson
UNITED STATES DISTRICT JUDGE